SCHOTT, Judge.
These proceedings were instituted by the Attorney General against appellants in the Civil District Court for the Parish of Orleans pursuant to LSA-R.S. 51:143. The trial court issued an order that appellants answer “all relevant and material questions put to them concerning any contract, combination, or conspiracy in restraint of trade or commerce, or to create a monopoly;” the order then provided as follows:
“2. Said persons [appellants] shall not refuse to answer any questions upon the ground that these acts would tend to incriminate them or subject them to a penalty or forfeiture under the laws of Louisiana, and said persons shall not be liable to prosecution or subject to any action, penalty or forfeiture under the laws of Louisiana on account of any transaction, matter, or thing to which they may testify.”
Appellants moved to quash this order and from a judgment denying their motion this appeal was taken pursuant to R.S. 51:152.
The sole issue raised in this appeal by appellants is that the Civil District Court for the Parish of Orleans cannot grant immunity' from criminal prosecution since its jurisdiction is limited to civil matters, R.S. *1117 13:1137. Appellants contend, therefore, that the purported grant of immunity in the order is ineffective with respect to a criminal prosecution, and consequently the order in toto is invalid.
Part IV of Title 51 of the Revised Statutes having to do with monopolies includes civil proceedings, e. g., §§ 128, 137 and 139. § 143 authorizing the Attorney General to bring discovery proceedings may be related to such civil proceedings, so that the Attorney General is authorized to bring such an action in the Civil District Court for the Parish of Orleans. § 146 provides as follows:
“The witness shall not refuse to produce books or papers in accordance with the order or to answer any questions in reference to the subject matter of the investigation upon the ground that these acts would tend to incriminate him or subject him to a penalty or forfeiture.
“The witness shall not be liable to prosecution, or subject to any action, penalty, or forfeiture on account of any transaction, matter or thing concerning which he may testify or produce books or papers.”
It is clear from this statute that if one is compelled to testify in a § 143 proceeding immunity is conferred by virtue of the provisions of § 146 and not by the court which orders the witness to testify. Thus, the order complained of herein did not of itself grant immunity but simply announced the effect of the statute which took place regardless of the language of the order.
Accordingly, the judgment appealed from is affirmed.
AFFIRMED.